**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KANEKA CORPORATION and KANEKA AMERICAS HOLDING, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| | ) C.A. No. |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| DANIMER SCIENTIFIC LLC and TEKNOR APEX COMPANY, | ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs KANEKA CORPORATION ("Kaneka") and KANEKA AMERICAS

HOLDING, INC. ("KAH") (collectively, "Plaintiffs"), by and through their undersigned

attorneys, for their Complaint against DANIMER SCIENTIFIC LLC. ("Danimer") and

TEKNOR APEX COMPANY ("Teknor") (collectively, "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement under the patent laws of the United

States, including 35 U.S.C. §§ 271.

2.      This action arises from Defendants' unauthorized manufacture, use, offer for sale,

and/or sale in the U.S., and/or importation into the U.S., of certain resin compounds ("Teknor

Compounds") for use in resin-molded products ("Teknor Products"), as described below in

paragraphs 22, 29 and 54, in violation and infringement of U.S. Patent No. 9,475,934 ("the '934

Patent") and U.S. Patent No. 10,030,117 ("the '117 Patent") owned by Kaneka (the "Kaneka

Patents").

3.      The violative and infringing actions of Defendants have occurred and are

continuing with Defendants' full knowledge of the Kaneka Patents and their infringement

thereof, with consequent damages and irreparable harm to Kaneka, and are acts of willful infringement warranting not only compensatory damages but also increased monetary damages and injunctive relief.

4.      By this action, Kaneka seeks monetary damages that compensate Kaneka for its losses, increased three-fold in view of Defendants' willful infringement, and injunctive relief that prohibits Defendants from making, using, selling, offering to sell and importing into the U.S. the Teknor Compounds and Products, and further prohibits them from assisting or inducing any other individual and/or entity to do so.

## THE PARTIES

5.      Plaintiff Kaneka is a Japanese corporation with offices located at 1-12-32, Akasaka, Minato- Ku, Tokyo, Japan and 2-3-18, Nakanoshima, Kita-Ku, Osaka, Japan.

6.      Plaintiff KAH is a Texas corporation with offices located at 6250 Underwood Rd, Pasadena, Texas 77507.

7.      Upon information and belief, Defendant Danimer Scientific LLC is a Delaware corporation with headquarters at 140 Industrial Boulevard, Bainbridge, Georgia 39817.

8.      Upon information and belief, Defendant Teknor Apex Company is a Delaware corporation with corporate headquarters at 505 Central Avenue, Pawtucket, Rhode Island 02861.

9.      Upon information and belief, Danimer Scientific LLC is a wholly-owned subsidiary of Teknor Apex Company.

## JURISDICTION AND VENUE

10.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a)-(b) under the patent laws of the United States, 35 U.S.C . §§ 100 *et seq*.

11. Danimer Scientific LLC is incorporated in Delaware and therefore resides in and is subject to personal jurisdiction in this judicial district.

12. Teknor Apex Company is incorporated in Delaware and therefore resides in and is subject to personal jurisdiction in this judicial district.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because both Defendants are incorporated in Delaware and therefore reside in this judicial district.

**KANEKA'S INNOVATIONS**

14. Plaintiff Kaneka is a leading innovator and producer in the newly emerging U.S. market for biobased biodegradable polymers, which aims to respond to growing environmental and public health concerns over traditional oil-based plastics. Ideally, such biobased biodegradable polymers can be used in extrusion, injection molding, bi-axially oriented films, and blown film applications to create food containers, paper coatings, cutlery and the like, and will then degrade without toxicity, including in marine environments, in home composts where they can be turned into usable soil, and/or with biobased material in industrial facilities.

15. Kaneka's biodegradable polymer products include poly(3-hydroxybutyrate-co-3-hydroxyhexanoate) ("PHBH"), a type of microorganism-derived plant-based polyhydroxyalkanoate ("PHA") that is marketed and sold globally and in the U.S. under the name of Green Planet®. Kaneka's Green Planet® polymers can be used for a variety of plastic applications, including straws, shopping bags, cutlery and food packaging, and they degrade without toxicity in marine, terrestrial, and/or industrial settings, thereby contributing to the achievement of an eco-friendly environment.

16.      Kaneka has pioneered the development of polymer technologies since the 1950s. Over the years, it has invested heavily in research and has accumulated critical intellectual property, including the Kaneka Patents, in its portfolio of proprietary polymer technologies and biotechnologies. Kaneka's accomplishments have demonstrated to consumers, customers, and other companies the feasibility, value, and potential of various polymer products, including biobased biodegradable alternatives to traditional plastics.

17.      Through Kaneka's investment and innovation, it was the first in the world to industrialize PHBH polymers. In 2019, Kaneka completed construction of its biodegradable polymer plant in Takasago, Japan, with annual PHBH production capacity of 5,000 tons and launched its biodegradable polymer PHBH (now Green Planet®) business to market its plant-based PHA resin.

18.      Kaneka's Green Planet® polymers are currently being used or developed for use by numerous companies to make eco-friendly consumer goods including shopping bags, food packaging, dishes, cutlery, toothbrushes, hairbrushes, cosmetic containers, and straws. Kaneka has also innovated new uses for its Green Planet® polymers, such as molded packaging for electronics, and is actively involved in further innovation of PHBH applications.

19.      In the U.S., Kaneka's Green Planet® business is operated through and as a division of Kaneka Corporation's U.S.-based subsidiary, Kaneka Americas Holding, Inc. ("KAH"), which supports the business of Kaneka Corporation in the Americas, including the United States. Currently, Plaintiff Kaneka Corporation sells PHBH manufactured at its plant in Takasago, Japan, to Plaintiff KAH, which offers PHBH for sale to U.S. companies and also sells and distributes PHBH for use in the United States.

20.     Kaneka has been and remains committed to the global development of its Green Planet® business, with success in Japanese and European markets, and KAH stands poised to capitalize on opportunities in the U.S. as the evolving U.S. market conditions permit.

21.     As noted in an October 16, 2025 article in Plastics News (available at https://www.plasticsnews.com/news/kaneka-leading-charge-sustainable-innovation/ (last accessed March 2, 2026)), Kaneka Green Planet® is "emerging as a trailblazer in sustainable innovation within the plastics industry."

**DEFENDANTS' ACQUISITION OF DSI'S INFRINGING ASSETS**

22.     At the close of 2024, Kaneka identified third-party Danimer Scientific, Inc. ("DSI"), which was selling compounds comprising a polyhydroxyalkanoate (PHA) (specifically, PHBH), polybutylene succinate adipate (PBSA) or polylactic acid (PLA), calcium carbonate (CaCO$_3$), and pentaerythritol (PETL) (referred to herein as the "DSI Compounds"), as its leading competitor in the U.S.

23.     DSI was in the business of manufacturing, marketing, distributing, offering for sale, and/or selling the DSI Compounds under the name of Nodax® in the U.S. It appeared to be making nearly all of the U.S. sales of PHBH polymers in 2024, but was experiencing serious and well-known financial difficulties.

24.     On March 18, 2025, DSI and its affiliated debtors filed for Chapter 11 protection in the United States Bankruptcy Court for the District of Delaware, administered under Case No. 25-10518-MFW ("Danimer Bankruptcy").

25.     On April 22, 2025, Kaneka filed a Limited Objection and Reservation of Rights (D.I. 215) ("Limited Objection") in the Danimer Bankruptcy, asserting claims against DSI and its affiliated debtors for infringement of the Kaneka Patents. On April 24, 2025, Kaneka filed a

Motion to Modify the Automatic Stay to Commence Litigation (D.I. 219) ("Motion for Stay Relief") in the Danimer Bankruptcy, including as Exhibit D a draft Complaint for Patent Infringement alleging that DSI's "unauthorized manufacture, use, offer for sale, and/or sale in the U.S., and/or importation into the U.S., of certain resin and/or resin-molded products" including the DSI Compounds violated and infringed the Kaneka Patents.

26.     In May 2025, Teknor acquired certain DSI assets including assets relating to the DSI Compounds. The DSI assets acquired by Teknor include a production facility located in Winchester, Kentucky, used by DSI for manufacture of the DSI Compounds.

27.     Upon information and belief, defendant Danimer (i.e., Danimer Scientific LLC) was formed as a limited liability company on May 16, 2025. Kaneka is informed and believes that Danimer now holds certain DSI assets relating to the DSI Compounds, and is acting in concert with Teknor to manufacture PHA compounds in Winchester, Kentucky.

## KANEKA'S ENFORCEMENT AND RESOLUTION EFFORTS

28.     On or about May 23, 2025, a representative of Kaneka sent an email message to the Chief Operating Officer of Teknor regarding Teknor's anticipated acquisition of assets from DSI calling attention to Kaneka's Limited Objection and Motion for Stay Relief filed in the Danimer Bankruptcy ("May 23, 2025 Message").

29.     By at least the time of the May 23, 2025 Message, the Defendants were put on actual or constructive notice that manufacturing, selling, using, or offering for sale, in the U.S., the DSI Compounds and/or similar compounds comprising PHA (e.g., PHBH) and PETL (collectively referred to herein as the "Teknor Compounds") infringes the Kaneka Patents.

30.     Beginning in June 2025 and over the next six months, Kaneka met by video and communicated repeatedly with Don Wiseman, CEO of Teknor, in an effort to informally resolve the issues raised in Kaneka's May 23, 2025 Message.

31.     By the end of October, Kaneka understood that Teknor/Danimer[1] was selling the Teknor Compound to prospective and actual Kaneka customers. On or about October 7, 2025, Kaneka learned that its customer WinCup, Inc. had purchased a Teknor Compound called "Nodax 3947" from Teknor/Danimer. On or about October 23, 2025, Eagle Beverage told Kaneka that it could buy its requirements of PHA polymers from Teknor/Danimer.

32.     Kaneka diligently investigated Teknor/Danimer's use and sale of Teknor Compounds, including obtaining a sample of PHBH compound that had been sold by Teknor/Danimer and having it tested.

33.     Kaneka's business opportunities with at least two potential Green Planet® customers were impacted by Teknor/Danimer's sales of Teknor Compounds. First, Eagle Beverage withdrew from negotiated testing/qualifying of Kaneka's Green Planet® products. Second, WinCup, Inc. reduced the amount of its planned purchase of Green Planet® product.

34.     Teknor CEO Don Wiseman was quoted as saying that DSI (the Danimer company that went bankrupt) "***was given new life through an acquisition by US-headquartered compounder Teknor Apex***." "Don Wiseman's Interview with AMI on Bio-based compounds," November 13, 2025 (https://www.teknorapex.com/en-us/news/Compounding-World-Article (last accessed March 2, 2026)) (emphasis added). Mr. Wiseman said that "[h]aving existing, operating facilities already brings us past the hurdle of the capital cost to build a plant, [] we see opportunities to further drive down production costs . . . and ***we're ready to build that out and***

---

[1] Because they appear to be acting in concert, Teknor and Danimer are referred to collectively as "Teknor/Danimer."

*continue to reinvest in advancing the technology*." *Id.* (emphasis added). Danimer's Chief

Science & Technology Officer, Phil Van Trump, was quoted as saying that the "partnership"

between Teknor and Danimer "opens exciting doors to accelerate our R&D, scale our operations,

and *reach new customers and markets, while staying true to our core mission: replacing*

*traditional plastics with materials the planet can embrace*." *Id.* (emphasis added).

35.     On November 27, 2025, Mr. Wiseman emailed a formal letter dated November

21, 2025 to the Vice President of KAH's Green Planet® Division regarding the alleged

infringement of the Kaneka Patents.

36.     Since Teknor acquired the DSI assets, Teknor/Danimer has never denied that the

Teknor Compounds or Products infringe the Kaneka Patents.

## THE ASSERTED PATENTS

37.     U.S. Patent No. 9,475,934 ("the '934 Patent") is entitled "Polyester Resin

Composition and Molded Article Containing This Resin Composition" and names Hideki Abe,

Noriyuki Suzuki, Tetsuya Minami, and Nobuo Nakamura as inventors.

38.     The '934 Patent is directed to a certain aliphatic polyester resin composition

comprising "a polyhydroxyalkanoate copolymer; and a crystal nucleating agent comprising

pentaerythritol."

39.     The '934 Patent issued from U.S. Patent Application No. 14/419,414, which was

filed February 3, 2015 as a national phase entry of International PCT patent application

PCT/JP2013/004286, which was filed July 11, 2013. International PCT patent application

PCT/JP2013/004286 claims priority to, and the benefit of, JP 2012-172812 filed August 3, 2012.

40.     The '934 Patent issued on October 25, 2016 and is set to expire July 11, 2033.

41.     A true and correct copy of the '934 Patent is provided herewith as **Exhibit A**.

42. Plaintiff Kaneka Corporation is the owner, under applicable law and by assignment of all right, title, and interest in the '934 Patent, including the rights to sue, recover damages and obtain equitable relief for infringement of the '934 Patent. Plaintiff KAH is the exclusive licensee of the '934 Patent in the U.S.

43. U.S. Patent No. 10,030,117 ("the '117 Patent") is entitled "Aliphatic Polyester Resin Composition and Aliphatic Polyester Resin Molded Article" and names Ryohei Koyama, Tetsuya Minami, and Noriyuki Suzuki as inventors.

44. The '117 Patent is directed to aliphatic polyester resin compositions, including certain compositions comprising "a polyhydroxyalkanoate (A); pentaerythritol (B); and a filler (C)" and certain compositions comprising "polyhydroxyalkanoate (A); a crystal nucleating agent comprising pentaerythritol (B); and a filler (C)."

45. The '117 Patent issued from U.S. Patent Application No. 15/028,627, which was filed April 11, 2016 as a national phase entry of International PCT patent application PCT/JP2014/004735, which was filed September 12, 2014. International PCT patent application PCT/JP2014/004735 claims priority to, and the benefit of, two Japanese priority applications, JP 2013-213882 filed October 11, 2013, and JP 2014-016926 filed January 31, 2014.

46. The '117 Patent issued on July 24, 2018 and is set to expire on September 12, 2034.

47. A true and correct copy of the '117 Patent is provided herewith as **Exhibit B**.

48. Plaintiff Kaneka Corporation is the owner, under applicable law and by assignment of all right, title, and interest in the '117 Patent, including the rights to sue, recover damages and obtain equitable relief for infringement of the '117 Patent. Plaintiff KAH is the exclusive licensee of the '117 Patent in the U.S.

### DEFENDANTS' INFRINGING PRODUCT

49.     Kaneka has obtained samples of two formulations of the DSI Compound from a company that had purchased the material from DSI. The chemical composition of the two DSI Compound were determined to be as follows:

| DSI Nodax® | PHBH | HB mol % | Other Component | PETL | CaCO₃ |
|---|---|---|---|---|---|
| Pellets (3947) | 59 | 93.5 mol % | 19 PLA | 0.45 | 22 |
| Pellets (2513) | 59 | 97.4 mol % | 19 PBSA | 0.21 | 22 |

50.     The term "PHBH" refers to poly(3-hydroxybutyrate-co-3-hydroxyhexanoate); "PBSA" refers to poly(butylene succinate-co-adipate); "PLA" refers to polylactic acid; "HB mol %" refers to the mol % of 3-hydroxybutyrate in the PHBH polymer, "PETL" refers to pentaerythritol. Unless otherwise indicated, units are parts by weight of the resin.

51.     Previously, in October 2024, Kaneka obtained biodegradable straw products believed to be made by WinCup, Inc. from a DSI Compound. The chemical composition of these products was determined to be as follows:

| Product from DSI Nodax® | PHBH | HB mol % | PBSA | PETL | CaCO₃ |
|---|---|---|---|---|---|
| Straws | 60 | 97.0 mol % | 19 | 0.87 | 20 |

52.    More recently, Kaneka obtained samples of the Teknor Compound sold by Teknor. The chemical composition of these samples was determined to be as follows:

| Teknor Compound | PHBH | HB mol % | PBSA | PETL | CaCO$_3$ |
|---|---|---|---|---|---|
| **Pellets** | 60 | 97.7mol % | 19 | 0.51 | 21 |

53.    Claim charts provided as **Exhibits C**, **D**, and **E** show, based on the data provided above, how the DSI Compounds, the product made from a DSI Compound, and the Teknor Compound infringe at least claim 1 of the '934 Patent and at least claims 1 and 13 of the '117 Patent.

## DEFENDANTS' INFRINGING ACTIVITIES

54.    The Defendants (i.e., one or each, or one at the direction of the other, or otherwise acting in concert with one another and/or through their partners, predecessors, successors, and/or affiliates) have used, manufactured, offered for sale and/or sold, in the U.S., the Teknor Compounds and/or products made from the Teknor Compounds (collectively referred to herein as the "Teknor Products").

55.    Upon information and belief, each of Danimer and Teknor is now, has been, and will remain, involved in business of manufacturing, using, distributing, and selling the Teknor Compounds and/or Products, for example, by their ownership of assets pertaining thereto, by their actions, and/or by their relationship one with the other.

56.    Defendant Danimer does not distinguish itself publicly from DSI. For example, Defendant Danimer incorporates DSI's history on and states at the former DSI webpage (https://danimerscientific.com/about-us/history/) that it "began more than two decades ago."

57.    The Defendants have advertised and continue advertising the Teknor Compounds. For example, Defendant Danimer's website states, "Nodax® is . . . produced from readily available feedstocks" (https://danimerscientific.com/pha-beginning-of-life/), "Danimer Scientific manufactures Nodax®" (https://danimerscientific.com/about-us/faqs/) and "we make PHA at our new commercial manufacturing facility in Winchester, KY" (https://danimerscientific.com/pha-beginning-of-life/).

58.    The Defendants have manufactured and continue to manufacture the Teknor Compounds at the production facility located in Winchester, Kentucky that was previously owned by DSI.

59.    The Defendants have advised one or more customers who previously purchased DSI Compounds from DSI that Defendants would continue to supply the same product that had been purchased from DSI.

60.    The Defendants have sold and/or are selling Teknor Compounds to U.S.-based companies including Eagle Beverage Products, WinCup, and others.

61.    The Defendants have sold and/or are selling Teknor Compounds for use in straws made by Eagle Beverage Products , as indicated by the following pop-up advertisement: .



https://www.eagle-beverage.com/eco-single-use-straw (last accessed March 2, 2026)

62.    The Defendants have sold and are selling Teknor Compounds for use in Phade marine biodegradable straws, which are available in the United States at Dunkin' Donuts and other establishments:



*See* https://wincup.com/ ; https://www.phadeproducts.com/meet-your-last-straw/ ; and https://www.phadeproducts.com/why-phade/home-use/ (each last accessed March 2, 2026).

63.    The Defendants have sold Teknor Compounds for and/or have used the Teknor Compounds to manufacture drinking straws sold by Good Start Packaging, as indicated for example at its webpage for "PHA straws," which states, "Nodax PHA used by Good Start

Packaging" (https://www.goodstartpackaging.com/pha-marine-degradable-straws/?srsltid=AfmBOoob07CkCIRirAXMdnBYWXUfzb7yHK4tYgCO4AFlnOlo4uJgXRVJ).

64.    The chemical composition of the Teknor Compounds does not materially change when it is molded into a final product. Accordingly, the molded products made using Teknor Compounds are, like the Teknor Compounds, covered by the Kaneka Patents and their manufacture, use, offer for sale and sale constitute acts of direct infringement of the Kaneka Patents.

65.    Upon information and belief, the Defendants have offered the Teknor Compounds for sale to numerous companies in the U.S., including companies with which Kaneka has existing and/or prospective business relationships.

66.    Upon information and belief, Danimer and Teknor have acted and continue to act in concert to manufacture, market, distribute, offer for sale, and/or sell the Teknor Compounds and/or Products.

67.    Upon information and belief, any actions of Danimer relating to the manufacture, marketing, distribution, offer for sale, and/or sale of the Teknor Compounds and/or Products are done at the direction of, under the control of, and for the direct benefit of Teknor.

68.    Each of the Defendants, and the Defendants acting in concert, or one under the control of the other, by manufacturing, using, offering for sale, and/or selling, in the U.S., the Teknor Compounds and/or Products, have infringed and continue to infringe the Kaneka Patents.

69.    The Defendants infringe the Kaneka Patents through their manufacture, use, offer for sale, and/or sale, in the U.S., of the Teknor Compounds for use in molded infringing products knowing that such products infringe the Kaneka Patents and with specific intent to encourage

acts of direct infringement by the sellers or distributors of such products, for example, Good Start Packaging, Eagle Beverage Products, and Wincup.

70.    The Defendants infringe the Kaneka Patents through their manufacture, use, offer for sale, and/or sale, in the U.S., of the Teknor Compounds for use in and as a material part of molded infringing products, knowing of the Kaneka Patents and knowing that the Teknor Compounds have no substantial non-infringing uses.

71.    At all relevant times, Defendants have been aware of the Kaneka Patents and knew or had reason to know the Teknor Compounds and/or Products infringe those patents. The infringing acts of the Defendants have been and continue to be willful and knowing of the Kaneka Patents and their infringement thereof.

## HARM TO PLAINTIFFS

72.    Defendants' Teknor Compounds compete directly with the Green Planet® polymers sold by Kaneka and its U.S. subsidiary KAH.

73.    Defendants' and Kaneka's products are used in similar, sometimes identical, applications and target the same customers.

74.    Defendants are competing directly with KAH for sales of Kaneka's patented compounds in the U.S.

75.    Defendants' manufacture, use, offers for sale, and sales of the Teknor Compounds have caused and will continue to cause harm to Kaneka, for example, by necessitating further and increased efforts by Kaneka and KAH to build and maintain customer relationships, by obtaining sales that would have otherwise been made by Kaneka and KAH, by imposing competitive disadvantages arising from the pre-existing customer relationships of DSI and/or Defendants, by eliminating the advantage that should rightfully accrue to Kaneka from being

first to market with a patented and innovative product, by reducing recognition of the Kaneka Green Planet® brand, and/or by causing the Green Planet® polymers to be perceived as suffering from quality issues observed in products made from the Teknor Compounds..

76.     Defendants' business with Eagle Beverage including, but not limited to, its offers for sale and sale of the infringing Teknor Compounds, have caused, are causing, and will continue to cause harm to Kaneka and KAH, at least by virtue of lost sales of the Green Planet® PHBH products, lost partnership and business opportunities, damage to the goodwill and reputation of Kaneka's and KAH's Green Planet® businesses, and loss of Kaneka's rightful recognition as the innovator and pioneer in development of the PHBH polymers for use in eco-friendly products.

77.     Defendants' business with WinCup, Inc. including, but not limited to, its offers for sale and sale of the infringing Teknor Compounds, have caused, are causing, and will continue to cause harm to Kaneka and KAH, at least by virtue of lost sales of the Green Planet® PHBH polymers, lost partnership and business opportunities, damage to the goodwill and reputation of Kaneka's and KAH's Green Planet® businesses, and loss of Kaneka's rightful recognition as the innovator and pioneer in development of the PHBH polymers for use in eco-friendly products.

## COUNT I

### Direct Infringement of U.S. Patent No. 9,475,934

78.     Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

79.     Defendants and each Defendant have directly infringed and continue to directly infringe, literally or in the alternative pursuant to the doctrine of equivalents, under 35 U.S.C. §

271(a), independent claim 1 of the '934 Patent by making, using, selling, offering for sale, and/or importing in or into the U.S., the Teknor Compounds and/or Products without authority or license, as detailed in Exhibit C.

80.    Defendants and each Defendant have, in addition, directly infringed and continue to directly infringe, literally or in the alternative pursuant to the doctrine of equivalents, under 35 U.S.C. § 271(a), at least claims 2-6, 8-9, 11, 12 and 20 of the '934 Patent by making, using, selling, offering for sale, and/or importing in or into the U.S., the Teknor Compounds and/or Products without authority or license.

81.    Defendants' and each Defendant's direct infringement of the '934 Patent has damaged Plaintiffs by violating their right to exclude others from importing into and making, using, selling and offering to sell, in the U.S., products covered by the '934 Patent.

82.    Defendants' and each Defendant's actions have caused and/or will cause Plaintiffs economic damages compensable under 35 U.S.C. § 284.

83.    Defendants' and each Defendant's actions have also damaged Kaneka's reputation as the leading innovator in the field of biodegradable polymer and caused Plaintiffs to suffer loss of goodwill and brand recognition. Such harm is irreparable and cannot be adequately compensated by monetary damages.

84.    Upon information and belief, infringement of the '934 Patent by Defendants and each Defendant will continue in the future, and Plaintiffs will continue to suffer damages as a consequence unless Defendants' and each Defendant's infringing acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

## COUNT II

### Direct Infringement of U.S. Patent No. 10,030,117

85.    Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

86.    Defendants and each Defendant have directly infringed and continue to directly infringe, literally or in the alternative pursuant to the doctrine of equivalents, under 35 U.S.C. § 271(a), independent claims 1 and 13 of the '117 Patent by making, using, selling, offering for sale, and/or importing in or into the U.S., the Teknor Compounds and/or Products without authority or license, as detailed in Exhibits D and E.

87.    Defendants and each Defendant have, in addition, directly infringed and continue to directly infringe, literally or in the alternative pursuant to the doctrine of equivalents, under 35 U.S.C. § 271(a), at least claims 2, 5, 9-11, 14 and 15-18 of the '117 Patent by making, using, selling, offering for sale, and/or importing in or into the U.S., the Teknor Compounds and/or Products without authority or license.

88.    Defendants' and each Defendant's direct infringement of the '117 Patent has damaged Plaintiffs by violating their right to exclude others from importing into and making, using, selling and offering to sell, in the U.S., products covered by the '117 Patent.

89.    Defendants' and each Defendant's actions have caused and/or will cause Plaintiffs economic damages compensable under 35 U.S.C. § 284.

90.    Defendants' and each Defendant's actions have also damaged Kaneka's reputation as the leading innovator in the field of biodegradable polymer and caused Plaintiff to suffer loss of goodwill and brand recognition. Such harm is irreparable and cannot be adequately compensated by monetary damages.

91.     Upon information and belief, infringement of the '117 Patent by Defendants and each Defendant will continue in the future, and Plaintiffs will continue to suffer damages as a consequence unless Defendants' and each Defendant's infringing acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

## COUNT III

### Contributory Infringement of U.S. Patent No. 9,475,934

92.     Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

93.     Defendants and each Defendant have contributorily infringed and continue to contributorily infringe, under 35 U.S.C. § 271(c), independent claim 1 of the '934 Patent by making, using, selling, offering for sale, and/or importing in or into the U.S., the Teknor Compounds knowing the same to be especially made or especially adapted for use in an infringement of the '934 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

94.     Defendants and each Defendant have, in addition, contributorily infringed and continue to contributorily infringe, under 35 U.S.C. § 271(c), at least claims 2-6, 8-9, 11, 12 and 20 of the '934 Patent by making, using, selling, offering for sale, and/or importing in or into the U.S., the Teknor Compounds knowing the same to be especially made or especially adapted for use in an infringement of the  '934 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

95.     Defendants' and each Defendant's contributory infringement of the '934 Patent has damaged Plaintiffs by violating their right to exclude others from importing into and making, using, selling and offering to sell, in the U.S., products covered by the '934 Patent.

96.     Defendants' and each Defendant's actions have caused and/or will cause Plaintiffs economic damages compensable under 35 U.S.C. § 284, including lost sales and reduced profits.

97.     Defendants' and each Defendant's actions have also damaged Kaneka's reputation as the leading innovator in the field of biodegradable polymer and caused Plaintiffs to suffer loss of goodwill and brand recognition, and to lose the advantages of being first to market. Such harm is irreparable and cannot be adequately compensated by monetary damages.

98.     Upon information and belief, contributory infringement of the '934 Patent by Defendants and each Defendant will continue in the future, and Plaintiffs will continue to suffer damages as a consequence unless Defendants' and each Defendant's infringing acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

## COUNT IV

## Induced Infringement of U.S. Patent No. 9,475,934

99.     Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

100.    Defendants and each Defendant have induced infringement and continue to induce infringement of, under 35 U.S.C. § 271(b), independent claim 1 of the '934 Patent by making, using, selling, offering for sale, and/or importing in or into the U.S., the Teknor Compounds for use in molded products, knowing that such products infringe the Kaneka Patents and with specific intent to encourage acts of direct infringement by the sellers or distributors of such products.

101.    Defendants and each Defendant have, in addition, induced infringement and continue to induce infringement of, under 35 U.S.C. § 271(b), at least claims 2-6, 8-9, 11, 12 and 20 of the '934 Patent by making, using, selling, offering for sale, and/or importing in or into the

U.S., the Teknor Compounds for use in molded products, knowing that such products infringe the Kaneka Patents and with specific intent to encourage acts of direct infringement by the sellers or distributors of such products.

102.    Defendants' and each Defendant's induced infringement of the '934 Patent has damaged Plaintiffs by violating their right to exclude others from importing into and making, using, selling and offering to sell, in the U.S., products covered by the '934 Patent.

103.    Defendants' and each Defendant's actions have caused and/or will cause Plaintiffs economic damages compensable under 35 U.S.C. § 284, including lost sales and reduced profits.

104.    Defendants' and each Defendant's actions have also damaged Kaneka's reputation as the leading innovator in the field of biodegradable polymer and caused Plaintiffs to suffer loss of goodwill and brand recognition, and to lose the advantages of being first to market. Such harm is irreparable and cannot be adequately compensated by monetary damages.

105.    Upon information and belief, induced infringement of the '934 Patent by Defendants and each Defendant will continue in the future, and Plaintiffs will continue to suffer damages as a consequence unless Defendants' and each Defendant's infringing acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

## COUNT V

### Contributory Infringement of U.S. Patent No. 10,030,117

106.    Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

107.    Defendants and each Defendant have contributorily infringed and continue to contributorily infringe, under 35 U.S.C. § 271(c), independent claims 1 and 13 of the '117 Patent by making, using, selling, offering for sale, and/or importing in or into the U.S., the Teknor

Compounds knowing the same to be especially made or especially adapted for use in an infringement of the '117 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

108.    Defendants and each Defendant have, in addition, contributorily infringed and continue to contributorily infringe, under 35 U.S.C. § 271(c), at least claims 2, 5, 9-11, 14, and 15-18 of the '117 Patent by making, using, selling, offering for sale, and/or importing in or into the U.S., the Teknor Compounds knowing the same to be especially made or especially adapted for use in an infringement of the '117 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

109.    Defendants' and each Defendant's contributory infringement of the '117 Patent has damaged Plaintiffs by violating their right to exclude others from importing into and making, using, selling and offering to sell, in the U.S., products covered by the '117 Patent.

110.    Defendants' and each Defendant's actions have caused and/or will cause Plaintiffs economic damages compensable under 35 U.S.C. § 284, including lost sales and reduced profits.

111.    Defendants' and each Defendant's actions have also damaged Kaneka's reputation as the leading innovator in the field of biodegradable polymer and caused Plaintiffs to suffer loss of goodwill and brand recognition, and to lose the advantages of being first to market. Such harm is irreparable and cannot be adequately compensated by monetary damages.

112.    Upon information and belief, contributory infringement of the '117 Patent by Defendants and each Defendant will continue in the future, and Plaintiffs will continue to suffer damages as a consequence unless Defendants' and each Defendant's infringing acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

## COUNT VI

### Induced Infringement of U.S. Patent No. 10,030,117

113.    Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

114.    Defendants and each Defendant have induced infringement and continue to induce infringement of, under 35 U.S.C. § 271(b), independent claims 1 and 13 of the '117 Patent by making, using, selling, offering for sale, and/or importing in or into the U.S., the Teknor Compounds for use in molded products, knowing that such products infringe the Kaneka Patents and with specific intent to encourage acts of direct infringement by the sellers or distributors of such products.

115.    Defendants and each Defendant have, in addition, induced infringement and continue to induce infringement of, under 35 U.S.C. § 271(b), at least claims 2, 5, 9-11, 14, and 15-18 of the '117 Patent by making, using, selling, offering for sale, and/or importing in or into the U.S., the Teknor Compounds for use in molded products, knowing that such products infringe the Kaneka Patents and with specific intent to encourage acts of direct infringement by the sellers or distributors of such products.

116.    Defendants' and each Defendant's induced infringement of the '117 Patent has damaged Plaintiffs by violating their right to exclude others from importing into and making, using, selling and offering to sell, in the U.S., products covered by the '117 Patent.

117.    Defendants' and each Defendant's actions have caused and/or will cause Plaintiffs economic damages compensable under 35 U.S.C. § 284, including lost sales and reduced profits.

118.    Defendants' and each Defendant's actions have also damaged Kaneka's reputation as the leading innovator in the field of biodegradable polymer and caused Plaintiffs to

suffer loss of goodwill and brand recognition, and to lose the advantages of being first to market. Such harm is irreparable and cannot be adequately compensated by monetary damages.

119.    Upon information and belief, induced infringement of the '117 Patent by Defendants and each Defendant will continue in the future, and Plaintiffs will continue to suffer damages as a consequence unless Defendants' and each Defendant's infringing acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Kaneka and KAH respectfully request the following relief:

a.    A judgment, pursuant to 35 U.S.C. § 271, that the manufacture, use, offering to sell, and sale within the United States, and importation into the United States, of the Teknor Compounds and Products by the Defendants and each Defendant has infringed and will continue to infringe the '934 and '117 Patents, both directly and indirectly;

b.    Injunctive relief preventing Defendants and each Defendant (including their successors, assigns officers, directors, agents, employees, attorneys, affiliates, parents, and those persons in active concert or participation with any of them) from manufacturing, using, importing into the United States, selling, or offering to sell the Teknor Compounds and Products until a date not earlier than the date of expiration of both the '934 and '117 Patents;

c.    An Order for an accounting of all of Defendants' and each Defendant's manufacturing, uses, offers to sell, and sales within the United States, and importation into the United States, if any, of the Teknor Compounds and Products.

d.    An award, pursuant to 35 U.S.C. § 284, of damages or other monetary relief to compensate Kaneka for Defendants' and each Defendant's unauthorized engagement in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation into the United

States of the Teknor Compounds and Products, including pre-judgment and post-judgment interest and costs;

     e.   A judgment, pursuant to 35 U.S.C. § 285, that this case against Defendants is an exceptional case and an award of enhanced damages, attorneys' fees and costs; and

     f.   Such other and further relief to Plaintiffs as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand a trial by jury on any and all claims and issues so triable.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

*Of Counsel:*

Tamara D. Fraizer
Joseph A. Meckes
SQUIRE PATTON BOGGS (US) LLP
1841 Page Mill Road, Suite 150
Palo Alto, CA 94304
(650) 856-6500
tamara.fraizer@squirepb.com
joseph.meckes@squirepb.com

Matthew Digby
David Yaegashi
SQUIRE PATTON BOGGS (US) LLP
Ebisu Prime Square Tower, 16F
1-1-39 Hiroo
Shibuya-Ku
Tokyo 150-0012 JAPAN
+81-3-5774-1800
matthew.digby@squirepb.com
david.yaegashi@squirepb.com

Rachael Harris
Anna Fraser
SQUIRE PATTON BOGGS (US) LLP
2550 M St NW
Washington, DC 20037
(202) 457-6000
rachael.harris@squirepb.com
anna.fraser@squirepb.com

Xiaomei Cai
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016
(602) 528-4096
xiaomei.cai@squirepb.com

Dated: March 6, 2026

_____
Andrew C. Mayo (#5207)
John G. Day (#2403)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
jday@ashbygeddes.com

*Attorneys for Plaintiffs*
*Kaneka Corporation and Kaneka*
*Americas Holding, Inc.*